**Dean E. MARKUS, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. C85 2147M.**

United States District Court, W.D. Washington.

Sept. 12, 1986.

Robert J. Chicoine, Seattle, Wash., for petitioner.

Patricia Brennan, John Keller, Dept. of Justice, Washington, D.C., for respondent.

ORDER GRANTING MOTION FOR SUMMARY ENFORCEMENT AND DENYING PETITION TO QUASH

McGOVERN, Chief Judge.

THIS MATTER concerns the income tax liability of Petitioner Dean E. Markus for the calendar years 1979 through 1981. The IRS is using a cash expenditures method of reconstructing Markus' income for the years under investigation. In the course of its investigation, the IRS sought bank records for the period of December 1978 through January 1982. These documents have been produced without opposition.

The IRS now seeks bank records for the period February 1978 through November 1978. The magistrate's Report and Recommendation concludes that the Motion for Summary Enforcement be denied, the IRS having shown no legitimate need for the records covering the ten months prior to December 1978.

The magistrate's report indicates that at a hearing on March 14, 1986, the United States stated that it anticipated a "cash hoard" defense in this case, and counsel for the petitioner confirmed that one theory of his defense would be a cash hoard defense. In order to maintain the integrity of the revenue collecting system, the Government must be free to determine the accuracy of the taxpayer's contentions. If a large sum of money were saved over a period of time, records of expenditures reconstructing income would necessarily reflect the ability or inability of the taxpayer to do that. If the Government is limited to the review of only one month's worth of transactions prior to the years being investigated, as it would be if the report and recommendation were adopted, it would be severely and inappropriately limited in its efforts to assure that true accounts are rendered. A helpful illustration of an effort to establish an opening net worth when a cash hoard defense is asserted by the taxpayer is contained in *Holland v. United States*, 348

U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954). The discussions at pages 132–138, describing reasonable inferences to be made from evidence resulting from the Government's investigation, exemplifies the need for a broad financial review to establish a starting point from which to calculate future increases in a taxpayer's assets.

Accordingly, the records sought by the summons at issue are relevant to the tax years under investigation. Therefore, the Motion for Summary Enforcement is GRANTED and the Petition to Quash is DENIED.